IN THE UNITED STATES DISTRICT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROBERT BOWEN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : 5:10-cv-36 (CAR) |
| | : |
| GMAC MORTGAGE, LLC; and | : |
| MORTGAGE ELECTRONIC | : |
| REGISTRATION SYSTEM, INC. | : |
| | : |
| Defendants. | : |

## *ORDER ON DEFENDANTS' MOTION TO DISMISS*

Before the Court is the Motion to Dismiss [Doc. 3] of Defendants GMAC Mortgage, LLC ("GMAC") and Mortgage Electronic Registration System, Inc. ("MERS"). Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff, proceeding *pro se*, did not file a response.[1] The Court finds that Plaintiff's Complaint [Doc. 1] fails to state a claim upon which relief can be granted. Thus, Defendants' Motion to Dismiss is **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

On November 30, 2001, Plaintiff Robert Bowen obtained a loan from First Horizon Home Loan Corporation for $93,750.00 ("the Loan"). The Loan has been transferred several times to various servicing companies and is now serviced by GMAC. MERS is the assignee of the Loan. In his Complaint, Plaintiff alleges that he never received all of the closing documents prior to the

---

[1] Due to his *pro se* status, the Court directed Plaintiff to respond to Defendants' Motion to Dismiss in its April 9, 2010 Order. [Doc. 9]. The Clerk then mailed the Order to Plaintiff at his last known address; however, Plaintiff's mail was returned as undeliverable. [Doc. 10].

1

closing of his Loan and that he has been charged excessive fees in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq. and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq. Plaintiff also asserts that Defendants violated the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45(a)(1), the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, et seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. Plaintiff seeks to rescind the Loan and recover damages. Defendants now move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## DISCUSSION

In considering dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court must accept the allegations set forth in the complaint as true and construe facts in the light most favorable to the plaintiff. See Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999) (per curiam). However, the court is not required to accept the plaintiff's conclusions of law. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (internal quotation marks and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

On a motion to dismiss, the court's function is not to assess the veracity or weight of the evidence; instead, the court must merely determine whether the complaint is legally sufficient. See Sherman v. Helms, 80 F. Supp. 2d 1365, 1368 (M.D. Ga. 2000). Accordingly, the issue is whether the plaintiff is entitled to present evidence in support of his claims, not whether those claims will ultimately succeed. See Little v. City of N. Miami, 805 F.2d 962, 965 (11th Cir. 1986). Because this standard imposes such a heavy burden on the defendant, Rule 12(b)(6) motions are rarely

granted. See Washington v. Dep't of Children & Families, 256 F. App'x 326, 327 (11th Cir. 2007); Beck v. Deloitte & Touche, 144 F.3d 732, 735-36 (11th Cir. 1998).

Furthermore, the Court affords a plaintiff who is proceeding *pro se*, as is Plaintiff in this case, wide latitude when construing his pleadings and papers. SEC v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). Nevertheless, the court is not required to exempt a *pro se* litigant from complying with the relevant rules of procedure and substantive law. See Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999), *overruled on other grounds* by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003); Clark v. Bibb County Bd. of Educ., 174 F. Supp. 2d 1369, 1371 (M.D. Ga. 2001).

The Court finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's claims under TILA and RESPA are untimely. A complaint may be dismissed on statute of limitations grounds for failure to state a claim upon which relief can be granted only where it is "apparent from the face of the complaint that the claim is time-barred." Robinson v. Schafer, 305 F. App'x 629, 629 (11th Cir. 2008) (quotations omitted). The statute of limitations for any action for damages under TILA and RESPA is one year. 15 U.S.C. § 1640(e) (TILA); 12 U.S.C. § 2614 (RESPA). Additionally, an individual's right to rescind a transaction under TILA expires three years after the date of the transaction. 15 U.S.C. § 1635(f). Here, Plaintiff's Loan closed in 2001; however, Plaintiff filed his Complaint in 2009, approximately eight years after the alleged violations. Therefore, Plaintiff's claims under TILA and RESPA are clearly time-barred.

To the extent Plaintiff asserts violations of other statutes, he does not meet the pleading requirements imposed by Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"). As stated above, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but

it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" Id. (quoting Twombly, 550 U.S. at 557).

In this case, Plaintiff contends that Defendants are liable under the FTCA, ECOA, and FCRA, but the Complaint only makes a passing reference to these statutes. Specifically, Plaintiff claims that he "has been injured as a result of the defendants' violations of 5(c) of....The FTC Act, . . . the ECOA's Regulation B, and the FCRA." [Doc. 1]. Plaintiff's Complaint solely consists of legal conclusions that Defendants violated the particular statutes. Without specific factual bases to support these claims, his Complaint cannot survive a motion to dismiss. See Norman v. Montgomery Bd. of Educ., 177 F. App'x 939, 941 (11th Cir. 2006) (holding "that mere recitation of legal conclusions about statutes violated without supporting factual allegations would be insufficient to state a claim.").

Furthermore, even liberally construing his Complaint, Plaintiff's factual allegations and all reasonable inferences therefrom are insufficient to show Defendants' violated the FTCA, ECOA, and FCRA. The essence of Plaintiff's factual assertions – that he never received all the necessary disclosure documents at the closing of his Loan and that he was charged excessive fees – have no relation to the pertinent statutes. The FTCA prohibits unfair competition and deceptive practices affecting commerce, the ECOA prohibits discrimination with respect to credit transactions, and the FCRA regulates how consumer credit information is collected, used, and shared. See generally 15 U.S.C. § 45(a)(1) (FTCA); 15 U.S.C. § 1691(a)(1) (ECOA); 15 U.S.C. § 1681 et seq. (FCRA). Thus, these claims do not meet the pleading requirements of Rule 8, and Plaintiff's Complaint must be dismissed.

## CONCLUSION

For the reasons stated above, the Court **HEREBY GRANTS** Defendants' Motion to Dismiss [Doc. 3]. Therefore, Plaintiff's Complaint is **DISMISSED**.

**SO ORDERED**, this 28th day of April, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

APG/ssh